IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ELIZABETH YOUNG AND JAMES PATRICK MCGINNIS, AS EXECUTOR ON BEHALF OF THE ESTATE OF JAMES YOUNG, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| SCHLUMBERGER TECHNOLOGY CORPORATION and E&P WIRELINE SERVICES, | § § § § | |
| Defendants. | § § § | |

**DEFENDANT SCHLUMBERGER TECHNOLOGY CORPORATION'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441 *et seq.* and 28 U.S.C. § 1331, Defendant Schlumberger Technology Corporation ("STC") hereby removes this action from the 43rd Judicial District Court of Parker County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division. STC respectfully states to this Court as follows:

## I.    INTRODUCTION

After commencing the action on December 11, 2013 with the filing of an original petition in the 43rd Judicial District Court of Parker County, Texas, Cause No. CV-13-1775, against Defendants STC and E&P Wireline Services ("E&P")[1] (collectively, "Defendants"), Plaintiffs Elizabeth Young ("Mrs. Young"), the wife of James Young ("Mr. Young"), and James

---

[1]    According to the state court docket sheet, Plaintiffs have requested a citation for E&P but there is no record of a return of that citation. (State Court Docket Sheet at 2, attached as Tab 1 to Ex. C.) In or around 2011, E&P was merged into STC. Therefore, E&P does not exist as a separate legal entity and is not a proper party to this litigation.

Patrick McGinnis, as executor on behalf of the estate of Mr. Young, (collectively, "Plaintiffs") filed a first amended original petition ("Petition") on April 24, 2014.  Plaintiffs then first served STC with a citation and a copy of the Petition on May 1, 2014.

According to the Petition, Plaintiffs seek supplemental life insurance benefits allegedly owed to Plaintiffs, and they assert claims for breach of contract, promissory estoppel, and fraud.  (1st Am. Pet. ¶¶ 10–40, attached as Tab 11 to Ex. C.)  These claims, however, are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.  As such, this Court has original subject-matter jurisdiction over this suit under 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States—specifically, ERISA.  STC, therefore, removes this action from state to federal court pursuant to the provisions of 28 U.S.C. § 1441.

## II.   REMOVAL IS PROPER

### A.   ERISA Section 502(a) completely preempts Plaintiffs' claims.

At the outset, the supplemental life insurance benefits that Plaintiffs seek are provided pursuant to the Schlumberger Group Welfare Benefits Plan (the "Plan").  ERISA regulates employee welfare benefit plans, *e.g.*, *Dist. of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 127 (1992), and the term "employee welfare benefit plan" includes "any plan . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . death."  29 U.S.C. § 1002(1)(A).[2]  The Plan is an employee welfare benefit plan regulated by

---

[2]       A "participant" includes "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7).  A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  29 U.S.C. § 1002(8).

ERISA because it was established by an employer for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, benefits in the event of death.  *See id.*  It is by way of this Plan that Mr. Young attempted to elect supplemental life insurance benefits that designated his wife, Mrs. Young, as the beneficiary in the event of his death.  (*See* Tab 11 to Ex. C, ¶ 12.)

While Plaintiffs alleged only state law claims, the United States Supreme Court has recognized that ERISA's civil enforcement provision—Section 502(a), 29 U.S.C. § 1132(a)—has complete preemption force and, as such, "converts" ordinary state claims into one stating a federal claim, which then provides for removal to federal court.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–09 (2004).  Section 502(a)(1)(B) provides:

> A civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a)(1)(B).  "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Davila*, 542 U.S. at 209.

Because Plaintiffs are seeking to recover benefits—specifically, $75,000 in supplemental life insurance benefits—allegedly due to them under an ERISA-regulated Plan or, at the least, to enforce or clarify their rights under the Plan, this state-law suit is completely preempted by ERISA Section 502(a) and is removable to federal court.  *See Davila*, 542 U.S. at 209–10.  Indeed, in an amended verified motion to retain, Plaintiffs themselves recognized that their claim for benefits is "governed by ERISA" and that this is "a civil action under Section 502(a) of ERISA."  (Pls. Apr. 21, 2014 Am. Verified Mot. to Retain ¶¶ 4, 7, attached as Tab 8 to

Ex. C.)  Courts throughout the Fifth Circuit have repeatedly found claims similar to those asserted by Plaintiffs completely preempted by ERISA.[3]

**B.      The procedural requirements for removal are satisfied.**

This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of May 1, 2014—the date on which STC was served.  *See* 28 U.S.C. § 1446(b)(2)(B).

The United States District Court for the Northern District of Texas, Fort Worth Division, embraces the county in which the state-court action is now pending.  Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(a)(2) & 1441(a).

Pursuant to 28 U.S.C. § 1446(d), STC is simultaneously filing a written notice of this removal with the district clerk of the state court where the action is currently pending. Copies of the notice of filing notice of removal, together with this notice of removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d), and upon all known counsel of record in this action.

Pursuant to Rule 81.1 of the Local Civil Rules of the United States District Court for the Northern District of Texas, this notice of removal is accompanied by copies of the following:

1.      A civil cover sheet (Ex. A);

---

[3]      *See, e.g.*, *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558–89 (5th Cir. 2004) (holding that common-law fraud claims were completely preempted because plaintiff "seeks a determination of her eligibility for benefits under an ERISA-governed plan"); *Brown v. United Parcel Serv., Inc.*, 237 F.3d 631, at *4 (5th Cir. 2000) (holding that action based on alleged misrepresentations by former employer was completely preempted under ERISA Section 502(a) because the complaint is, "in essence," a claim for benefits or at least to clarify her right to benefits" since plaintiff "believes she is due more benefits under the Plan than she is currently receiving"); *Bennett v. Life Ins. Co. of N. Am.*, 398 F. Supp. 2d 533, 540–41 (N.D. Tex. 2005) (holding that state-law claims of breach of contract, negligent misrepresentation, and fraud seeking disability benefits were completely preempted under ERISA Section 502(a)).

2.      A supplemental civil cover sheet (Ex. B);

3.      An index of all documents that clearly identifies each document and indicates the date the document was filed in state court (Ex. C);

4.      A copy of the docket sheet in the state court action (Tab 1 to Ex. C);

5.      Each document filed in the state court action, except discovery material (Tab 2–16 to Ex. C);

6.      A separately signed certificate of interested persons (Ex. D);

### III.      CONCLUSION

STC prays that this Court take jurisdiction of this action to its conclusion and to final judgment, to the exclusion of any further proceedings in the State court in accordance with the above law.

Respectfully submitted,

BAKER BOTTS L.L.P.


_/s/ Shira R. Yoshor_____
Shira R. Yoshor
State Bar No. 00788730
Tina Q. Nguyen
State Bar No. 24078670
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Phone: 713.229.1459
Fax: 713.229.7759
shira.yoshor@bakerbotts.com
tina.nguyen@bakerbotts.com

ATTORNEYS FOR DEFENDANT
SCHLUMBERGER TECHNOLOGY CORPORATION


### CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:


Lu Pham
Caroline C. Harrison
Lauren H. McDonald
Cantey Hanger LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas  76102


_/s/ Tina Q. Nguyen_____
Tina Q. Nguyen