Tab 3

CAUSE NO. CV13-1775



| | |
|---|---|
| ELIZABETH YOUNG AND JAMES PATRICK MCGINNIS, AS EXECUTOR ON BEHALF OF THE ESTATE OF JAMES YOUNG<br><br>Plaintiffs,<br><br>v.<br><br>SCHLUMBERGER TECHNOLOGY CORPORATION and E&P WIRELINE SERVICES,<br><br>Defendants. | IN THE DISTRICT COURT<br><br><br>43rd JUDICIAL DISTRICT<br><br><br><br>PARKER COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Elizabeth Young and James Patrick McGinnis, as executor on behalf of the estate of James Young, (collectively "Plaintiffs") file this Plaintiffs' Original Petition (the "Petition") against Defendants Schlumberger Technology Corporation and E&P Wireline Services (collectively "Defendants") as follows:

### I. INTRODUCTION

1. This case arises from Defendants' breach of contract and other wrongful conduct committed by Defendants.

### II. DISCOVERY CONTROL PLAN

2. Plaintiffs intend to conduct discovery under Level 2 of Texas Rule of civil Procedure 190.3 and affirmatively pleads that this suit is governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because monetary relief is sought in an amount less than $100,000.

## III. CLAIM FOR RELIEF

3. Plaintiffs seek only monetary relief of $100,000 or less, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorneys' fees.

## IV. PARTIES

4. Plaintiff, Elizabeth Young, is an individual residing in Johnson County at 815 McAnear Cleburne, Texas 76033. The last four digits of Mrs. Young's social security number are 2027. Mrs. Young's driver's license number is 09473889.

5. Plaintiff, James Patrick McGinnis, brings this suit as the executor on behalf of the estate of James Young, decedent. Plaintiff resides in Harris County at 15322 Cypress Knoll Lane, Cypress, Texas 77433; decedent, at the time of death, resided in Johnson County at 815 McAnear Cleburne, Texas 76033. The last four digits of Mr. McGinnis' social security number are 2727. Mr. McGinnis' driver's license number is 08570460.

6. Defendant, Schlumberger Technology Corporation, a Texas corporation whose registered office is located in Harris County at 1200 Enclave Parkway, MD-322, Houston, Texas 77077, may be served with process by serving its registered agent for service of process, National Registered Agents, Inc., in Dallas County at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

7. Defendant E&P Wireline, a Texas Corporation whose registered office is located in Midland County at 6300 W. Interstate 20, Midland, Texas 797062, may be served with process by serving its registered agent for service of process, Capitol Corporate Services, Inc., in Travis County at 800 Brazos, Suite 400, Austin, Texas 78701.

## V. JURISDICTION & VENUE

8. This Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

9. Pursuant to Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), venue is proper in Parker County, Texas, as Parker County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## VI. FACTS

10. Mr. James Young worked for E&P Wireline as an electronics technician. E&P Wireline is a Schlumberger company. Schlumberger handles all insurance matters for employees of E&P Wireline.

11. On April 16, 2012, Mr. Young was diagnosed with Metastatic Esophageal Adenocarcinoma. Mr. Young began chemotherapy on May 3, 2012.

12. On November 19, 2012, Mr. Young elected to receive $75,000 in Supplemental Life insurance coverage through Schlumberger. The effective date for this coverage was January 1, 2013. To receive this coverage, $14.88 was to be deducted from Mr. Young's payroll for each pay period. Mrs. Elizabeth Young was the beneficiary named on this policy.

13. On Wednesday, December 5th, 2012, Mr. Young spoke with Sarah Roberts, a Benefits Transactions Representative at Schlumberger, about his health status and his options for using vacation days from work to ensure his insurance coverage continued in 2013. Ms. Roberts told Mr. Young that if he used his last vacation day on January 2, 2013, then his insurance coverage would continue in 2013. In addition, Vickie Burdette, the Director of Human Resources at E&P Wireline, also made representations to Mr. Young that if he used his last vacation day on

January 2, 2013, the Company would consider his last day worked to have been in 2013, thereby extending coverage to him for all of 2013.

14. Mr. Young relied on the representations and used his last vacation day on January 2, 2013 to extend his insurance coverage through all of 2013.

15. Beginning in the December 23, 2012 to January 5, 2013 payroll period, Schlumberger made continuous payroll deductions for Mr. Young's Supplemental Life Insurance contributions. Schlumberger continued to make payroll deductions for Mr. Young's Supplemental Life Insurance until the March 17, 2013 to March 30, 2013 pay period.

16. During the March 31, 2013 to April 13, 2013 payroll period, Schlumberger attempted to credit Mr. Young $104.16 for his payments into his Supplemental Life insurance coverage.

17. On April 17, 2013, Michele Owens, an HR Benefits Administrator for Schlumberger, sent Mr. Young a letter indicating that because he was out on leave of absence for medical reasons, his Supplemental Life Insurance coverage would not become effective until he returned to active employment.

18. On April 20, 2013, Mr. James Young passed away from Metastatic Esophageal Adenocarcinoma.

19. To date, Schlumberger and E&P Wireline have refused to pay Mr. Young's Supplemental Life Insurance benefit to Mrs. Elizabeth Young.

20. On August 21, 2013, demand was made on Schlumberger and E&P Wireilne for the proceeds of Mr. Young's Supplemental Life Insurance. To date, there has been no response from either Schlumberger or E&P Wireline.

## VII. CAUSES OF ACTION

### Breach of Contract

21.  On November 19, 2012, Mr. Young and defendants entered into a valid and enforceable contract. The contract provided that beginning on January 1, 2013, Mr. Young would receive Supplemental Life Insurance coverage in the amount of $75,000 in exchange for payroll deductions of $14.88 per payroll period. Plaintiffs have standing to enforce the contract executed by defendants and Mr. Young because Mrs. Elizabeth Young is the beneficiary of Mr. Young's Supplemental Life Insurance policy. In addition, Mr. Young's estate has an interest in Mr. Young's Supplemental Life Insurance policy. Therefore, Mr. James Patrick McGinnis, as independent executor for the estate of James Young, has standing to enforce this contract.

22.  Mr. Young fully performed his contractual obligations by having $14.88 continuously deducted from his payroll check.

23.  Defendants breached the contract by not paying Mr. Young's Supplemental Life Insurance proceeds to plaintiffs upon Mr. Young's death.

24.  Plaintiffs seek liquidated damages in the amount of at least $75,000 which is within the jurisdictional limits of this Court.

25.  <u>Attorney fees</u>. Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Civil Practice and Remedies Code chapter 38 because this is a suit for breach of a written contract. Plaintiffs retained counsel, who presented plaintiffs' claim to defendants. Defendants did not tender the amount owed within 30 days after the claim was presented.

## Promissory Estoppel

26. In the alternative, defendants made a promise to Mr. Young that the defendants did not keep.

27. Defendants promised Mr. Young that if he used January 2, 2013 as his last day of vacation, the Company would consider his last day worked to have been in 2013, thereby extending Supplemental Life Insurance coverage to him for all of 2013.

28. Mr. Young relied on defendants' promise by using his last vacation day on January 2, 2013. Because of the nature of the promise, Mr. Young's reliance was both reasonable and substantial.

29. Defendants knew or reasonably should have known that Mr. Young would rely on defendants' promise.

30. Injustice to plaintiffs can be avoided only if defendants' promise is enforced.

31. Mr. Young's reliance on defendants' promise resulted in injury to plaintiffs, as the beneficiaries of Mr. Young's Supplemental Life Insurance policy, which caused the following damages: loss of $75,000 in Supplemental Life Insurance proceeds and attorneys' fees and costs in filing this action.

32. Plaintiffs seek damages within the jurisdictional limits of the court.

33. Attorney fees. Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Civil Practice and Remedies Code section 38.001(8) because this suit is for promissory estoppel. Plaintiffs retained counsel, who presented plaintiffs' claim to defendants. Defendants did not tender the amount owed within 30 days of when the claim was presented.

## Fraud

34. Defendants represented to Mr. Young that if he used his last vacation day on January 2, 2013, Schlumberger and E&P Wireline would consider his last day worked to have been in 2013, thereby extending Supplemental Life Insurance coverage to him for all of 2013.

35. Defendants' representations to Mr. Young were material because it was important to Mr. Young for his Supplemental Life Insurance coverage to extend through 2013. Based on Defendants' representations, Mr. Young used his last vacation day on January 2, 2013 to extend his Supplemental Life Insurance coverage through 2013.

36. Defendants' representations to Mr. Young were false statements of opinion and Defendants knew Mr. Young would justifiably rely on due to Defendants' special knowledge. Sarah Roberts, as the Benefits Transactions Representative at Schlumberger and Vickie Burdette, as the Director of Human Resources at E&P Wireline, had specialized knowledge concerning the conditions necessary to receive Supplemental Life Insurance coverage. In fact, Sarah Roberts is listed as the company contact at Schlumberger for questions concerning the FMLA. Because of their specialized knowledge in this area, Mr. Young reasonably relied on their representations in order to extend his Supplemental Life Insurance coverage.

37. Defendants made these false representations recklessly, as a positive assertion, and without knowledge of its truth. Defendants made these representations without having sufficient information to support these representations.

38. Defendants had reason to expect Mr. Young would act in reliance on these false representations. As a Benefits Transactions Representative at Schlumberger, Sarah Roberts counseled and coordinated coverage benefits for employees of Schlumberger and its subsidiaries. Furthermore, Vickie Burdette, as the Director of Human Resources, would be the party

responsible for providing information to E&P Wireline employees regarding the effect of their status at work in relation to their insurance coverage. Thus, Defendants had reason to expect Mr. Young would act in reliance on their false representations.

39. Mr. Young justifiably relied on Defendants' false representations when he used his last vacation day on January 2, 2013 to extend his Supplemental Life Insurance coverage through 2013.

40. Defendants' false representations directly and proximately caused injury to Plaintiffs as the beneficiaries of this Supplemental Life Insurance policy.

## VIII. JURY DEMAND

41. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX. CONDITIONS PRECEDENT

42. All conditions precedent to plaintiffs' claim for relief has been performed or has occurred.

## X. REQUEST FOR DISCLOSURE

43. Under Texas Rule of Civil Procedure 194, plaintiffs request that defendants disclose within 50 days of the service of this request the information or material described in Rule 194.2.

## XI. PRAYER

44. For these reasons, plaintiffs ask that the Court issue citation for defendants to appear and answer, and that plaintiffs be awarded a judgment against defendants for the following:

    a. Actual damages;

    b. Prejudgment and post judgment interest;

responsible for providing information to E&P Wireline employees regarding the effect of their status at work in relation to their insurance coverage. Thus, Defendants had reason to expect Mr. Young would act in reliance on their false representations.

39. Mr. Young justifiably relied on Defendants' false representations when he used his last vacation day on January 2, 2013 to extend his Supplemental Life Insurance coverage through 2013.

40. Defendants' false representations directly and proximately caused injury to Plaintiffs as the beneficiaries of this Supplemental Life Insurance policy.

## VIII. JURY DEMAND

41. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX. CONDITIONS PRECEDENT

42. All conditions precedent to plaintiffs' claim for relief has been performed or has occurred.

## X. REQUEST FOR DISCLOSURE

43. Under Texas Rule of Civil Procedure 194, plaintiffs request that defendants disclose within 50 days of the service of this request the information or material described in Rule 194.2.

## XI. PRAYER

44. For these reasons, plaintiffs ask that the Court issue citation for defendants to appear and answer, and that plaintiffs be awarded a judgment against defendants for the following:

    a. Actual damages;

    b. Prejudgment and post judgment interest;

  c. Court costs;

  d. Attorney fees;

  e. All other relief to which plaintiffs are entitled.x

          Respectfully submitted,

          CANTEY HANGER LLP

         By: *Lauren H. McDonald*
          LU PHAM
          State Bar No. 15895430
          CAROLINE C. HARRISON
          State Bar No. 24046034
          LAUREN H. MCDONALD
          State Bar No. 24085357

         CANTEY HANGER LLP
         600 W. 6th Street, Suite 300
         Fort Worth, Texas 76102
         Telephone: (817) 877-2800
         Facsimile: (817) 877-2807

         *Attorneys for Plaintiffs*

# CANTEY HANGER LLP
## ATTORNEYS

LAUREN H. MCDONALD
DIRECT: 817.877.2821
EMAIL: LMCDONALD@CANTEYHANGER.COM

CANTEY HANGER PLAZA
600 WEST 6TH STREET, SUITE 300
FORT WORTH, TEXAS 76102
817.877.2800 · METRO 817.429.3815
FAX: 817.877.2807

RECEIVED AND FILED FOR RECORD
2013 DEC 11
SHARENA GILLILAND
PARKER COUNTY
BY _____ DEPUTY

December 2, 2013

*Via First Class Mail*
Ms. Sharena Gilliland
Parker County District Clerk
Parker County District Court
117 Fort Worth Highway
Weatherford, TX 76086

RE: Elizabeth Young and James Patrick McGinnis, as Executor on Behalf of the Estate of James Young v. Schlumberger Technology Corporation and E&P Wireline Services

Dear Ms. Gilliland:

Enclosed please find the original and six (6) copies of Plaintiffs' Original Petition. Please file the original of this document in a court of proper jurisdiction and return two file stamped copies to my office. I have also enclosed a check in the amount of $268.00 in payment of filing fees and preparation of citations.

Please prepare citations for the following defendants and return the citations to my office the attached self-addressed envelope for service by private process server:

1. Schlumberger Technology Corporation, who may be served through its registered agent for service of process, National Registered Agents, Inc., in Dallas County at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234; and

2. E&P Wireline, who may be served through its registered agent for service of process, Capitol Corporate Services, Inc., in Travis County at 800 Brazos, Suite 400, Austin, TX 78701.

Your assistance in this matter is greatly appreciated. If you have any additional questions concerning any aspect of this request, please do not hesitate to contact my office.

Sincerely,

Lauren H. McDonald

LHM/mc

DALLAS · FORT WORTH · SOUTHLAKE

MERITAS LAW FIRMS WORLDWIDE

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): CV13-1775    COURT (FOR CLERK USE ONLY): 43rd

STYLED: Elizabeth Young and James Patrick McGinnis as Executor of the Estate of Sara Young v. Schlumberger Technology Corp. & E+P Wireline Services

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

RECEIVED AND FILED
2013 DEC 11 PM 2:05
SHARE[?] PERRY, CLERK
BY _____ DEPUTY

## 1. Contact information for person completing case information sheet:

Name: Lauren McDonald
Email: LMcDonald@canteyhanger.com
Address: 600 W 6th St Ste 300
Telephone: 817-877-2800
City/State/Zip: Ft Worth, TX 76102
Fax: 817-877-2807
Signature: Lauren McDonald
State Bar No: 24085357

Names of parties in case:
Plaintiff(s)/Petitioner(s): Elizabeth Young & James Patrick McGinnis as Executor
Defendant(s)/Respondent(s): Schlumberger Technology & E+P Wireline

Person or entity completing sheet is:
- [X] Attorney for Plaintiff/Petitioner
- [ ] Pro Se Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other:

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

### Civil

**Contract**
- Debt/Contract
  - [ ] Consumer/DTPA
  - [ ] Debt/Contract
  - [X] Fraud/Misrepresentation
  - [ ] Other Debt/Contract:
- Foreclosure
  - [ ] Home Equity—Expedited
  - [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [X] Other Contract: Breach Contract

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- Malpractice
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability:
- [ ] Motor Vehicle Accident
- [ ] Premises
- Product Liability
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product:
- [ ] Other Injury or Damage:

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property:

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other:

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment:

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other:

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- Divorce
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other:

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child:

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

Probate/Wills/Intestate Administration
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other:

## 3. Indicate procedure or remedy, if applicable (may select more than 1):
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought (do not select if it is a family law case):
- [X] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13